

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. C-4860
Re: The effect of the action
of the Commissioners'
court of Upton County
upon a delinquent tax
contract.

     We have received and considered your request for
an opinion from this department. You request our opinion
with reference to the effect of the action of the commis-
sioners' court of Upton County upon a delinquent tax con-
tract executed by and between said Upton County and Joe L.
Mays, which contract is in the general and regular form fur-
nished by the Comptroller and said contract has been duly
approved by both the Comptroller and the Attorney General.
The order of the commissioners' court which is enclosed in
your request reads as follows:

     "SPECIAL MEETING OF THE HONORABLE
COMMISSIONERS' COURT OF UPTON
COUNTY, TEXAS

     "BE IT REMEMBERED, that on this the 28th
day of May, A.D. 1942, the Honorable Commis-
sioners' Court of Upton County, Texas, met in
Special Session at the Court House in Rankin,
Texas, with the following present and Presid-
ing:

Honorable Ernest B. Van Zandt, County Judge
      W. X. Yates,     Commissioner Pre. 2
      J. O. Currie,     Commissioner Pre. 3
      J. O. Carll,     Commissioner Pre. 4
      J. X. Simes,     Sheriff
      Ralph H. Daugherty,  Clerk

"WHEREUPON, Court was duly opened by proclamation of the Sheriff of Upton County, Texas.

* * * * * *

"MOTION by Commissioner Carll duly seconded by Commissioner Yates, that the following Order be adopted:

"THAT, WHEREAS, Upton County, Texas, for itself and in behalf of the State of Texas hereby terminates the contract or contracts entered into by and between Upton County, Texas and the State of Texas and Joe L. Mays for the collection of delinquent taxes. Said contract bearing date of January 1st, 1941 and recorded in Book 2, page 569 et seq in the minutes of the Commissioners Court of Upton County, Texas. And that Joe L. Mays be notified immediately that his services as the attorney in connection with the collection of delinquent taxes for Upton County, Texas, and the State of Texas are hereby terminated, and that any authority that he has by virtue of said contract with Upton County and The State of Texas is hereby terminated and revoked. That the following be notified of the action of the Court immediately: Joe L. Mays, the Attorney General, Comptroller of the State of Texas, County and District Clerk and Assessor and Collector of Upton County.

"Yates and Carll voting Aye.
Currie voting Nay.

"It is so ordered.

"Motion by Commissioner Carll duly seconded by Commissioner Yates that Court recess until June 8th, 1942 at 10:00 A.M.

ATTEST:                              ERNEST B. VAN ZANDT
                                     County Judge

Ralph H. Daugherty
     County Clerk

* * * * * * *

(Received State
Comptroller
Jun. 1, 1942
No. 4
Austin, Texas)

"THE STATE OF TEXAS,
COUNTY OF UPTON

I, RALPH H. DAUGHERTY, Clerk of the
County Court of Upton County, Texas, do here-
by certify that the foregoing is a true and
correct copy of the original MOTION in regard
to the revoking of Joe L. Mays contract, as
the same appears of record in my office in
Book 3, page 21 of the Minutes of the Commis-
sioners Court of Upton County.

GIVEN UNDER MY HAND AND OFFICIAL SEAL,
at my office in Rankin, Texas, this 29th day
of May, A.D. 1942.

RALPH H. DAUGHERTY
Clerk County Court
Upton County, Texas.

By T. Windham
Deputy"

A part of paragraph numbered IX, on page 6 of
the delinquent tax contract executed by and between the
commissioners' court of Upton County and Mr. Joe L. Mays
reads as follows:

". . . . The Commissioners' Court and
the State Comptroller shall have the right
to sooner terminate this contract for cause
giving thirty (30) days' written notice of
such intention, with a statement of the
cause or reason for such termination, after
giving Second Party a reasonable opportun-
ity of explaining or rectifying the same.
In case of such termination, Second Party
shall be entitled to receive and retain all
compensation due up to the date of said ter-
mination."

Honorable George H. Sheppard, Page 4

We think the questions submitted by you are fully answered in the case of Hume vs. Zuehl, et al (Ct. of Civ. App.) 119 S.W. (2d) 905, writ of error refused. In that case there was a delinquent tax contract, evidently identical with the one under consideration, executed by the commissioners' court of Maverick County with David E. Hume, which contract was duly approved by both the Comptroller and the Attorney General of Texas. During the effective date of the contract the commissioners' court cancelled the contract and sought thereby to terminate the services of Hume. Hume brought on action for a temporary injunction to prevent the cancellation of his contract and for affirmative relief to command the district clerk to file all tax suits tendered to him and to further require that the tax collector accept all payment of taxes tendered to him, issue receipts therefor and pay to Hume all commissions due him under the contract. Hume further alleged that the commissioners' court did not have good cause for terminating his contract but that it was terminated for a very improper cause. The trial court refused to grant the temporary injunction and upon appeal the Court of Civil Appeals said:

"... It is clear from the record that the trial judge was of the opinion that this being a contract for personal services the Commissioners' Court had the power to cancel the contract, even wrongfully, being answerable only in damages for such wrongful conduct, if any. In this position, we think the trial judge was correct. The rule is well stated in 7 C.J.S., Attorney and Client, page 940, § 109, as follows:

"'The relation or employment of an attorney may always be terminated by agreement with his client, and, because of the peculiar nature of the relation of attorney and client, the law goes even further and permits the termination thereof in a manner not recognized with respect to other contracts. Either party may dissolve the relation for cause; and the client has the absolute right to discharge the attorney and terminate the relation at any time even without

Honorable George H. Sheppard, Page 5

cause, no matter how arbitrary his action may seem, although the question of whether the revocation or termination was with or without cause may have a material bearing on the client's liability for fees or damages.'

"See, also, Goodwin, Inc., v. Stuart, Tex. Civ. App., 52 S.W. 2d 311, affirmed 125 Tex. 212, 82 S.W. 2d 632; Beckham v. Munger Oil & Cotton Co., Tex. Civ. App., 185 S.W. 991; Aldridge Seed Farms v. Texas Centennial Central Exposition, Tex. Civ. App., 95 S.W. 2d 1051; Birdville Independent School Dist. v. Deen, Tex. Civ. App., 114 S.W. 2d 622.

"However, it is contended that in any event the Comptroller is a necessary party to a termination of this contract. We overrule this contention. Art. 7335a, Vernon's Annotated Civil Statutes, provides, in effect, that a contract of this nature cannot be entered into by a county without the approval of both the State Comptroller and the Attorney General, but this does not mean that such a contract cannot be terminated without the joinder of both or either one of these state officials. When Art. 7335, R.C.S. 1925, and Art. 7335a, Vernon's Annotated Civil Statutes, are construed together it is plain that the power to make contracts for the collection of both State and County delinquent taxes is vested in the commissioners' courts of this State, with the only limitation that such contracts are not effective unless approved by the State Comptroller and the Attorney General."

We think the holding by the Court clearly answers and controls the question you have submitted to us.

Trusting that the foregoing has fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

APPROVED OPINION COMMITTEE

BY _____ CHAIRMAN

RM:rf